133 F.3d 931
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald WILLIAMS, Plaintiff-Appellant,
v.
CITY of Los Angeles, Defendant-Appellee.
 No. 97-55070.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998**
Jan. 20, 1998.
 
 Before BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Ronald Williams appeals from the district court's dismissal of his complaint. We affirm.
 
 II.
 
 3
 The facts are known to the parties. We will repeat them here only as necessary.
 
 III.
 
 4
 This court reviews de novo a district court's dismissal of a plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). Cohen v. Stratosphere Corp., 115 F.3d 695, 700 (9th Cir.1997).
 
 
 5
 Williams argued that Los Angeles City Charter section 190.111(A)(1) was unconstitutional as applied to him. However, he has already had a full and fair opportunity to litigate his cause of action related to his employment status with the Los Angeles Police Department. His arguments to the district court echoed the arguments that he has previously made before the courts of California. Moreover, Williams sought reinstatement to his former position with the LAPD in both his federal and state complaints. Thus, the district court correctly determined that res judicata and the Full Faith and Credit Act prevented it from rehearing Williams' complaint. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).
 
 
 6
 Nevertheless, Williams insisted that the California Court of Appeals' ultimate resolution of his complaint should have no preclusive effect because that decision misconstrued the U.S. Constitution and federal law. Even assuming for the moment that the state court decision was flawed, Williams may not ask the district court to pass on the validity of that decision. In civil cases, lower federal courts "may not serve as appellate tribunals to review errors allegedly committed by state courts." MacKay v. Pfeil, 827 F.2d 540, 543 (9th Cir.1987); see also Martin v. Hunter's Lessee, 14 U.S. (1 Wheat.) 141, 149-50 (1816). The United States Supreme Court is the proper court in which to obtain such review. 28 U.S.C. § 1257 (1993). This jurisdictional limit "applies even when the challenge to the state court decision involves federal constitutional issues." Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir.1986). The district court therefore lacked jurisdiction to hear Williams' complaint.
 
 IV.
 
 7
 This court reviews under an abuse of discretion standard a denial of a motion for entry of default judgment. Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir.1991). The district court denied Williams' motion because (1) the defendant made an adequate showing of excusable neglect, (2) neither party was prejudiced by the delay in this action, and (3) the defendant had a meritorious defense. We affirm because the district court's decision was not capricious.
 
 V.
 
 8
 This court reviews under an abuse of discretion standard a district court's refusal to disqualify a sitting judge under 28 U.S.C. § 144. Hamid v. Price Waterhouse, 51 F.3d 1411, 1414 (9th Cir.1995). Williams' allegation that the trial judge was motivated by racial animus was wholly unsupported. Williams also did not present any evidence to support his assertion that the trial judge was influenced by her marriage to a city official. Indeed, the relevant hearing transcripts indicate that the trial judge accorded Williams, a pro per plaintiff, considerable leeway. Thus, the district court's refusal to grant Williams' motion to disqualify the trial judge was not an abuse of discretion. Similarly, the trial judge did not err in failing to recuse herself.
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3